IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02740-SKC

GREGORY CARL WIND JR.,

    Applicant,

v.

ANDRE "MOSES" STANCIL and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART

Applicant, Gregory Carl Wind, Jr., has filed *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 18). Mr. Wind is challenging the validity of his conviction and sentence in Adams County District Court case number 19CR3041.

On October 4, 2024, Magistrate Judge Richard T. Gurley ordered Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. (Dkt. 3). On October 25, 2024, Respondents filed their Pre-Answer Response (Dkt. 8) arguing that Mr. Wind failed to properly exhaust all claims in the Application. Mr. Wind filed his Reply on December 9, 2024 (Dkt. 13).

On December 16, 2024, Magistrate Judge Gurley ordered Mr. Wind to show cause why the Application should not be dismissed as a mixed petition because it contained both exhausted and unexhausted claims. (Dkt. 15). On February 3, 2025, Mr. Wind filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 18). In the Amended Application he states that he "elects to dismiss the unexhausted claim – Claim 4 – and pursue this action on the technically exhausted claims – Claims 1(a)-(c), 2, and 3." (*Id*. at 6).

The Court must construe the Amended Application and other papers filed by Mr. Wind liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Wind was convicted by a jury of retaliation against a judge, retaliation against a prosecutor, and attempt to influence a public servant in Adams County District Court case number 19CR3041. (Dkt. 1 at 2; Dkt. 8-5 at 2-4). The trial court sentenced him to twelve years in prison. (*Id*.).

Mr. Wind appealed his convictions to the Colorado Court of Appeals ("CCA"), raising the following issues on direct appeal: (1) the district court violated his

statutory and constitutional rights to a speedy trial when it declared repeated mistrials due to the COVID-19 pandemic; (2) the district court plainly erred by failing either to give a modified unanimity instruction or to require the prosecution to select the particular act on which it was relying for a conviction; and (3) the trial court violated his rights to due process and a jury trial by using the word "will" in the jury instructions and thereby abolishing the jury's power to nullify. (Dkt. 8-5 at 4-5). On October 12, 2023, the CCA rejected each argument and affirmed Mr. Wind's convictions. (*See id.*). The Colorado Supreme Court ("CSC") denied Mr. Wind's petition for certiorari review on April 29, 2024. (Dkt. 8-6).

Mr. Wind then filed three separate motions for postconviction relief in state court: (1) a Colo. R. Crim. P. 35(c) motion; (2) a Colo. R. Crim. P. 35(a) motion to correct an illegal sentence; and (3) a Colo. R. Crim. P. 35(b) motion for discretionary sentence reduction. (Dkt. 8-1 at 14-15). All three motions were denied. (*Id.*). He has not appealed any of the three orders denying postconviction relief. (*Id.*; Dkt. 1 at 4).

Proceeding *pro se,* Mr. Wind then commenced this federal habeas corpus action on October 3, 2024, asserting the following claims:

> 1(a). Whether Colo. R. Crim. P. 24(c)(4), which permits a trial court to declare a mistrial if it is unable to safely assemble a jury due to a public health crisis, violates the separation of powers doctrine under the Colorado constitution because it "impermissibly broaden[ed] the statutory definition of mistrial" to include pretrial continuances.

3

1(b). Whether the trial court's declaration of a mistrial in reliance on Colo. Crim. P. 24(c)(4) resulted in a violation of Applicant's statutory and constitutional speedy trial rights.

1(c). Whether the trial court violated Colo. R. Crim. P. 24(c)(4) by failing to make specific findings on the record in support of its declaration of a mistrial.

2. "Whether the court plainly erred where the prosecution presented evidence of three discrete incidents, it was unclear which ones supported which charges, and the trial court neither required an election nor gave a modified unanimity instruction."

3. "Whether the trial court violated Mr. Wind's due process and jury trial rights when it instructed the jury that it 'will' convict Mr. Wind if it finds the elements of each offense proven beyond a reasonable doubt."

4. "Whether the Adams County Sheriff's Department should have been determined to not be credible witnesses due to widespread corruption within the Department," *i.e.*, "falsifying training records and attempting to influence public servants."

(Dkt. 1 at 7-15).

As noted above, Respondents argued in the Pre-Answer Response that Mr. Wind failed to properly exhaust all claims because (i) Claim 1(a) and Claim 2 were technically exhausted but procedurally defaulted; (ii) Claim 3 was exhausted; and (iii) Claim 4 was unexhausted. (Dkt. 8). Respondents, thus, asserted that the Application was a "mixed petition" under *Rose v. Lundy*, 455 U.S. 509, 510 (1982). (*Id.* at 19). Respondents also argued that only Claim 1(b) and Claim 3 were within the Court's jurisdiction. (*Id.* at 19-21). In his Reply, Mr. Wind argued there has been a

fundamental miscarriage of justice and referenced the postconviction filings in his state criminal case. (Dkt. 13 at 1-2).

Based on these arguments, Magistrate Judge Gurley issued an Order to Show Cause why the habeas petition should not be dismissed as a mixed petition because it contained both exhausted and unexhausted claims. (*See* Dkt. 15). Mr. Wind was advised that, to avoid dismissal of the entire action as a mixed petition, he may elect to dismiss the unexhausted claim (Claim 4) and pursue in this action the claims which have been presented in state proceedings. *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995) ("a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claims"). In his Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. 18), Mr. Wind states that he wishes to dismiss the unexhausted claim, Claim 4. (*Id.* at 6). Thus, the Amended Application is not a mixed petition because Mr. Wind has removed the unexhausted claim. The Court will now address Mr. Wind's remaining claims.

## II. ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

5

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Respondents argue that although Mr. Wind presented Claim 1(a) and Claim 2 to the CCA in his direct appeal, both claims are procedurally defaulted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly" and "[p]rinciples of comity and federalism demand that the requirement be strictly enforced." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (cleaned up). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th

Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Additionally, under the procedural default doctrine, a claim which the applicant presented in state court cannot be reviewed on the merits in a federal habeas action if it was precluded from review in the state court under an "independent and adequate state ground." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Similarly, a habeas claim, which was not previously presented in state court, but would be precluded from state court review based on an independent and adequate state ground if the applicant returned to state court to present it, is subject to an "anticipatory procedural bar," and is precluded from federal habeas review. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman*, 501 U.S. at 735 n.1 (noting that, even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule).

Finally, because a federal habeas petitioner is required to exhaust only those state court "remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 125-26 n.28 (1982), "[a] habeas petitioner who has defaulted his federal

7

claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him," *Coleman*, 501 U.S. at 732.

### A. Claims 1(b), 1(c), and 3

Respondents concede that Claim 1(b), Claim 1(c), and Claim 3 are exhausted. Respondents, however, assert that "only Claim 1(b) and Claim 3 are within the Court's jurisdiction to review" because Claim 1(c) alleges only a violation of state law. (Dkt. 18 at 15-16, 21). The Court agrees.

Federal habeas corpus relief is available only if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A state-court decision that rests on a matter of state law "binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam); *Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002) (explaining that matters of state law are binding on a federal habeas court).

In Claim 1(c), Mr. Wind argues that the trial court did not comply with Colo. R. Crim. P. 24(c)(4) because the court failed to make specific findings on the record in

support of its declaration of a mistrial. (Dkt. 18 at 15-16). Thus, Claim 1(c) rests solely on state law. Further, the CCA analyzed and rejected this claim solely as a matter of state law. Accordingly, Claim 1(c) is not cognizable on federal habeas review because it is not based on a violation of the Constitution, laws, or treaties of the United States. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) (per curiam) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law.").

Therefore, Claim 1(c) will be dismissed as not cognizable in this action. In contrast, Claim 1(b) and Claim 3 were properly exhausted in state court and will proceed on the merits.

### B. Claim 1(a)

Respondents also argue that Mr. Wind presented this claim in his direct appeal, but the claim is procedurally defaulted because the CCA reviewed the claim under Colorado's plain error framework since Mr. Wind did not raise the claim in the trial court. (Dkt. 8 at 12-13).

The record demonstrates that Mr. Wind presented on direct appeal a claim challenging the constitutionality of Colo. R. Crim. P. 24(c)(4) as violating the separation of powers doctrine because it impermissibly broadens the statutory definition of "mistrial." (*See* Dkt. 8-5 at 7). The CCA, however, found that the issue

was unpreserved because Mr. Wind did not make this argument at trial and instead argued that Rule 24(c) "functions as a revision of the speedy trial statute which allows a 'mistrial' to be declared before the trial actually begins" and "has the effect of adding three months to the time period in which the government may bring a defendant to trial . . ." (*Id.* 9-10, n. 2). The CCA then performed a limited plain error review of the unpreserved claim, *i.e.,* whether the error is "obvious and substantial"[1] and "cast[s] serious doubt on the reliability of the judgment of conviction." (*Id.* at 10). The CCA concluded that any conflict between the definition of a "mistrial" in the statute and the rule is not obvious. (*Id.*).

The procedural default argument asserted by Respondents raises the following question: "[D]oes a state court's plain-error review of an issue otherwise waived for lack of a trial objection constitute a merits decision under *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L.Ed.2d 308 (1989), thus negating application of procedural bar, or does . . . use of the . . . plain error [standard] constitute the enforcement of a state waiver rule under *Harris*, thus necessitating application of procedural bar?" *Cargle v. Mullin*, 317 F.3d 1196, 1205 (10th Cir. 2003). The answer to this question "depends on the substance of the plain-error disposition." *Id.*

---

[1] The CCA also noted that an obvious error is one that contravenes a clear statutory command, a well-settled legal principle, or Colorado case law. (Dkt. 8-5 at 10).

10

> A state court may deny relief for a federal claim on plain-error review because it finds the claim lacks merit under federal law. In such a case, there is no independent state ground of decision and, thus, no basis for procedural bar. . . . On the other hand, a state court could deny relief for what it recognizes or assumes to be federal error, because of the petitioner's failure to satisfy some independent state law predicate. In such a case, that non-merits predicate would constitute an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas.

*Id.* (internal citation omitted). Numerous courts have held that when a state court reviews procedurally barred claims for plain error or a miscarriage of justice, such limited review does not deprive a state court ruling of its independent character and does not relieve a petitioner from procedural default. *See Campbell v. Burris,* 515 F.3d 172, 178–79 (3d Cir. 2008) (collecting cases from the First, Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits).

Here, on plain-error review, the CCA did not deny relief because it found that Mr. Wind's claim lacked merit under federal law after analyzing the facts pursuant to the relevant federal constitutional standard. (*See* Dkt. 8-5 at 7-11). Rather, the CCA resolved the claim under a prong of plain-error review unrelated to the federal constitutional issue – *i.e.,* finding that any conflict between the definition of a mistrial in the statute and the rule is not obvious. (*Id.*). As such, the state appellate court denied the claim on a non-merits predicate. (*Id.*).

Further, the CCA relied on state law as the basis for its decision. Specifically, the state appellate court followed state law requiring the court to "review unpreserved constitutional challenges for plain error." (Dkt. 8-5 at 10, citing *People v. Sabell,* 2018 COA 85, *Hagos v. People,* 2012 CO 63, and *People v. Wester-Gravelle,* 2020 CO 64). Because the decision was based on state law, the state procedural ground was independent. *See English*, 146 F.3d at 1259. And at the time the CCA resolved Mr. Wind's claim on appeal, the state rule was applied evenhandedly, making it adequate.

Therefore, the Court finds that Claim 1(a) is procedurally defaulted for purposes of federal habeas review. *See e.g., Kassel v. Att'y Gen. of the State of Colorado*, No. 21-cv-02300-DDD-MEH, 2023 WL 5963638, at *4 (D. Colo. Jan. 31, 2023) (unpublished), *certificate of appealability denied*, 2023 WL 5927129 (10th Cir. 2023) ("Here, on plain-error review, the [CCA] … resolved the claim under a prong of plain-error review unrelated to any federal constitutional issue – *i.e.*, finding no 'obvious' error. As such, the state appellate court denied the claim on a state law predicate. … Thus, to the extent Claim 1 asserts a federal constitutional claim, it is procedurally defaulted.").

A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas

12

review unless the petitioner can demonstrate cause for the default and actual prejudice from the federal law violation or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

Mr. Wind argues that he preserved Claim 1(a) because he filed a "Motion to Declare C.R.Cr.P.24(c)(4) Unconstitutional" in the state district court. (Dkt. 13 at 1). This argument does not overcome the CCA's determination that Mr. Wind failed to preserve Claim 1(a) because he did not make the specific argument that the rule impermissibly broadened the definition of mistrial. (*See* Dkt. 8-5 at 9-10). And as explained above, Claim 1(a) was decided on an independent and adequate state procedural ground, which precludes this Court from reviewing the claim unless Mr. Wind demonstrates cause for the default and actual prejudice from the federal law violation or demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Mr. Wind fails to present any cogent argument to demonstrate cause and prejudice to excuse the procedural default of Claim 1(a). He also does not demonstrate that a failure to consider the merits of the claim will result in a fundamental miscarriage of justice. A "fundamental miscarriage of justice" means that "a constitutional violation has probably resulted in the conviction of one who is actually

13

innocent." *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). This standard requires an applicant to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). As a result, fundamental miscarriages of justice are "extremely rare." *Id.*

Mr. Wind makes the conclusory allegation that there is a "fundamental miscarriage of justice," but he fails to make any colorable claim of actual innocence to establish a fundamental miscarriage of justice. Therefore, Claim 1(a) is subject to dismissal with prejudice as procedurally defaulted.

### C. Claim 2

Respondents also assert that Claim 2 is procedurally defaulted because the claim was not preserved, and the CCA again resolved the issue under Colorado's plain error framework. (Dkt. 8 at 16).

The record demonstrates that Mr. Wind raised Claim 2 in his direct appeal. (*See* Dkt. 8-2 at 26-31). The CCA found (and Mr. Wind conceded) that this claim was unpreserved because he did not request a modified unanimity instruction or prosecutorial election at trial. (Dkt. 8-5 at 20). Thus, the CCA reviewed the claim for plain error and determined that any error was not obvious. (*Id.* at 23-27). Specifically,

14

the CCA concluded that the trial court's allegedly erroneous failure to act in this case was consistent with the facts in another case, *People v. Wester-Gravelle,* 2020 CO 64, in which the CSC held that any error had not been obvious. (*Id.*).

Thus, the CCA did not deny relief because it found that Mr. Wind's claim lacked merit under federal law after analyzing the facts pursuant to the relevant federal constitutional standard. (*See* Dkt. 8-5 at 20-27). Rather, the CCA resolved the claim under a prong of plain-error review unrelated to the federal constitutional issue, *i.e.,* finding that any error was not obvious. (*Id.*). As such, the state appellate court denied the claim on a non-merits, state law predicate. (*Id.*). Because the CCA rejected Claim 2 on an independent and adequate state ground, it is procedurally defaulted. And Mr. Wind fails to demonstrate cause for the default and actual prejudice or demonstrate that a failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

Therefore, Claim 2 is subject to dismissal with prejudice as procedurally defaulted.

## IV. CONCLUSION

In summary, Respondents concede that Claim 1(b) and Claim 3 are exhausted. Further, the Court will dismiss Claim 1(a) and Claim 2 as procedurally defaulted and

15

Claim 1(c) as not cognizable. Accordingly, it is

**ORDERED** that Claim 1(a) and Claim 2 are dismissed as procedurally defaulted and Claim 1(c) is dismissed as not cognizable. It is further

**ORDERED** that within **thirty days** Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claim 1(b) and Claim 3. It is further

**ORDERED** that within **thirty days** of the filing of the answer Applicant may file a reply.

DATED May 30, 2025

BY THE COURT:

S. Kato Crews
United States District Judge